IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY RANDALL McKINNEY, | ) | CASE NO. 1:06 CV 3019 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELE EBERLIN, Warden, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Before me by referral[1] is the *pro se* petition of Tony Randall McKinney for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] McKinney, in 2001, pled guilty in Medina County Common Pleas Court to one count of rape and was released in April, 2008 from the Belmont Correctional Institution after serving a seven-year sentence for that offense to begin a two-year period under the supervision of the Ohio Adult Parole Authority.[3]

The State has moved that McKinney's petition be dismissed as barred by the applicable statute of limitations, arguing that its filing in December, 2006, was more than one year after his conviction was affirmed by an Ohio appellate court in 2002.[4] Subsequent to this motion by the State, McKinney has unsuccessfully sought to expand the record and

---

[1] ECF # 3.

[2] ECF # 1.

[3] *See*, www.drc.state.oh.us. (website of the Ohio Department of Rehabilitation and Correction).

[4] ECF # 7.

receive an evidentiary hearing.[5] He has not, however, directly responded to the State's motion to dismiss or filed a traverse.

For the reasons that follow, I recommend finding that the State's motion to dismiss this petition as untimely filed is well-taken, and the petition should be dismissed.

The relevant facts are not in dispute. McKinney pled guilty to one count of rape.[6] As a result of the plea, he was sentenced to serve a seven-year term in prison, such sentence to be served concurrently with a previously imposed sentence from a Stark County, Ohio conviction.[7] He was found to be a sexual predator.[8]

Represented by new counsel, McKinney timely appealed his conviction and sentencing, raising only issues challenging his classification as a sexual predator.[9] On

---

[5] ECF # 8 (motion to expand the record and file a traverse), ECF # 9 (State's opposition), denied by non-document entry on July 14, 2007 without prejudice to reconsideration with a response to State's motion to dismiss, such response to be filed by August 24, 2007; ECF # 10 (motion for an evidentiary hearing), ECF # 11 (State's opposition), denied by non-document entry on August 30, 2007 without prejudice to being reconsidered in review of the merits.

[6] ECF # 7, Ex. 4.

[7] *Id.*, Ex. 5.

[8] *Id.*

[9] *Id.* McKinney asserts in his habeas petition that no arguments were raised against his conviction or plea, despite his failed assertion to the trial court that his speedy trial rights were violated, because his appellate counsel neglected to order a transcript of the hearing at which the speedy trial claim was raised and denied. *See*, ECF # 1 at 2.

January 9, 2002, the Ohio appeals court affirmed the trial court's finding that McKinney was a sexual predator.[10] McKinney did not appeal that decision to the Supreme Court of Ohio.[11]

McKinney took no further action in his case for more than four years. Then, on March 24, 2006, he filed a delayed petition for post-conviction relief and a motion to withdraw his guilty plea.[12] Both matters were denied by the trial court.[13] McKinney appealed,[14] and the State responded in opposition.[15] On October 16, 2006, the Ohio court of appeals affirmed the decisions of the trial court, holding that McKinney did not timely file his motion to withdraw the guilty plea or his petition for post-conviction relief and failed to show cause to excuse his lengthy delay.[16] As with his original appeal, McKinney elected not to appeal this judgment to the Ohio Supreme Court.

---

[10] ECF # 7, Ex. 8.

[11] ECF # 7 at 2.

[12] *Id.*; *see also*, ECF # 1 at 3.

[13] ECF # 7, Ex. 11.

[14] ECF # 7, Ex. 12

[15] ECF # 7, Ex. 13.

[16] ECF # 7, Ex. 14.

However, in a separate action, McKinney had filed a *pro se* petition for state habeas relief with the Ohio Supreme Court on August 1, 2006.[17] That Court dismissed McKinney's petition *sua sponte* on October 4, 2006.[18]

McKinney thereupon filed the present petition for federal habeas relief on December 19, 2006, alleging as its single ground for relief that "[t]he trial court lacked jurisdiction to accept a guilty plea to a void indictment pursuant to speedy trial limitations unequivocally elapsing."[19] The State, as noted, moved to dismiss this petition as untimely filed.[20] Despite making other motions to expand the record, for an evidentiary hearing, and for more time to file a traverse, McKinney, as previously stated, has not responded to the State's motion to dismiss by the date mandated by this Court, nor has he filed a traverse.

Initially, I note that although McKinney has been released from custody upon serving his full seven-year sentence, he remains under the supervision of the Ohio Adult Parole Authority. As such, this Court retains jurisdiction over his petition for habeas relief.[21]

Nonetheless, as the State correctly observes in its motion to dismiss, 28 U.S.C. § 2244(d)(1)(A) provides that a one-year period of limitation shall apply to the filing of

---

[17] ECF # 7, Ex. 15.

[18] ECF # 7, Ex. 16.

[19] ECF # 1 at 4.

[20] ECF # 7.

[21] *Spencer v. Kemna*, 523 U.S. 1, 13-14 (1998).

any federal habeas petition, such period to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."[22] The federal limitations statute further provides that the "time during which a properly filed application for State post-conviction or other collateral review" will toll the federal one-year limitations period.[23]

Here, the plain facts are that McKinney's conviction became final, and the statute of limitation began to run, 45 days after the Ohio appeals court affirmed the trial court's decision to find McKinney a sexual predator. Ohio law requires a criminal defendant to file any appeal from an appellate judgment within 45 days.[24] And, as the Sixth Circuit has concluded, a conviction becomes final for purposes of § 2244 when direct state review concludes, not when a petitioner has exhausted all state remedies.[25] In addition, McKinney's filing for state post-conviction relief over four years after the conclusion of his direct appeal did nothing to restart the federal limitations period that had already expired.[26]

---

[22] 28 U.S.C. § 2244(d)(1)(A).

[23] 28 U.S.C. § 2244(d)(2).

[24] Rule II, Section 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. Had McKinney timely appealed to the Supreme Court of Ohio, the federal limitations period would have been further extended by the 90 days from any decision of the Ohio Supreme Court to permit a petition for a writ of certiorari with the United States Supreme Court. *See*, *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[25] *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

[26] *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *Pratts v. Hurley*, No. 04cv1875, 2007 WL 1577794, at **3-4 (N.D. Ohio, May 31, 2007).

Accordingly, I recommend a finding that this petition, filed years after the expiration of the statutory time limit, is time-barred and the dismissal of this petition with prejudice for that reason.

Dated: May 15, 2008                    s/ William H. Baughman, Jr.
                                       United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[27]

---

[27] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).