**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **TONY RANDALL MCKINNEY,** ) | Case No.  1:06 CV 3019 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **MICHELE EBERLIN, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

On April 13, 2001, Petitioner Tony Randall McKinney, who pled guilty in state court to one count of rape, was sentenced to a prison term of seven years and determined to be a sexual predator.  On December 19, 2006, he filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody presenting one ground for relief:

> Trial court lacked jurisdiction to accept a guilty plea to a void indictment pursuant to speedy trial limitations unequivocally elapsing.

("Petition") (**ECF No. 1**).  Respondent filed a Motion to Dismiss, arguing that this claim, filed nearly four years after the one-year statute of limitations contained in 28 U.S.C. § 2244(d) expired, is time-barred (**ECF No. 7**).  McKinney thereafter sought to expand the record and to receive an evidentiary hearing; however, he never directly responded to Respondent's Motion to Dismiss.

On May 15, 2008, Magistrate Judge Williams H. Baughman, to whom the Petition was referred for preparation of a report and recommended decision, issued a Report &

Recommendation concluding that the Petition was time-barred and recommending that the Court grant the Respondent's Motion to Dismiss and dismiss the Petition ("R & R") (**ECF No. 12**).

> Under the relevant statute:
>
> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added).  It is now June 5, 2008.  Three weeks have elapsed since the R & R was issued, and McKinney has filed neither an objection nor a request for an extension of time to file an objection.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's comprehensive, well-written R & R and agrees with the Magistrate Judge's conclusion. Accordingly, the Court hereby **ADOPTS** the R & R (**ECF No. 12**), **GRANTS** Respondent's Motion to Dismiss (**ECF No. 7**), and **DISMISSES WITH PREJUDICE** the Petition (**ECF No. 1**).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     June 5, 2008*
**Dan Aaron Polster**
**United States District Judge**